City of Lowell *v.* Wheelock.

---

## THE CITY OF LOWELL *vs.* ANDREW C. WHEELOCK.

The city of Lowell cannot recover of a land-owner an assessment for building a sidewalk on a street in that city, unless the city council have prescribed the materials of which the sidewalk should be constructed, as required by the revised ordinances of the city, c. 17, § 4; which order should appear from the journal kept by the city clerk, and cannot be presumed.

If the order of the city council requires the sidewalk to be built on the side of a certain street, the city cannot recover an assessment for building a sidewalk four feet from the side of such street

City of Lowell *v.* Wheelock.

THIS action was brought to recover an assessment against the defendant for his share of the expenses of building side-walks on Stackpole street and on Alder street, in the city of Lowell, as authorized by the city charter, *St.* 1836, *c.* 128, § 9, and came before the court on an agreed statement of facts, which, so far as material to an understanding of the points upon which the case was finally decided, were as follows : On the 21st day of June, 1847, the joint standing committee on streets, of the city council of Lowell, made a report that they had examined certain streets, including Stackpole and Alder streets, and found that common convenience and neces-sity required that the grade of said streets should be estab-lished, and that sidewalks should be laid out on the same, and on the 28th of June said city council passed a resolution establishing the grade of said streets and ordering sidewalks to be laid out and a part of them built; which resolution, as appears on the journal of the city clerk, was as follows : " And that six feet in width on both sides of said Stackpole street, within the termini aforesaid, be set off and reserved for sidewalks ; and that a sidewalk be built on the southerly side of Stackpole street, from Livermore to Alder streets, per-manently in front of buildings and temporarily in front of vacant lands, at the expense of the abuttors,—and that six feet in width on both sides of said Alder street be set off and reserved for sidewalks ; and that a permanent sidewalk in front of buildings, and a temporary one in front of vacant lands, be built on the westerly side of said Alder street at the expense of the abuttors," &c. This journal contained no record of any order of the city council directing of what ma-terial the sidewalks should be built.

The revised ordinances of the city of Lowell, *c.* 17, § 4, require that every sidewalk, which the city council should order to be constructed, should be built of such materials as that council should prescribe.

Said streets were accepted by the city as public highways, and a sidewalk six feet in width was built on Stackpole street, the edge stone of which is ten feet distant in a northerly direction from the southerly side of said Stackpole street,

where it adjoins the defendant's land, or four feet further north than it should be, according to the resolution of the city council.

A sidewalk was also built on Alder street, where the defendant owned a lot adjacent to the one on the corner of Stackpole and Alder streets. It was also agreed that the defendant was the owner of a lot on the southerly side of Stackpole street, and that the city auditor assessed him for his proportion of the expense of building said sidewalks, which assessment being confirmed by the city council, was duly demanded of the defendant.

Many other facts were agreed to, upon which various objections were raised by the defendant to the right of the plaintiffs to recover in this action, but which it becomes unnecessary to report. It was also agreed that such judgment might be rendered by the court as the facts would warrant. The case was argued in January, 1854.

*I. S. Morse,* (city solicitor,) for the plaintiffs.

*B. Dean,* for the defendant.

METCALF, J. It is necessary to the maintenance of this action, that the sidewalks, for the expense of which the defendant is called upon to pay, should be shown to have been established and constructed in strict conformity to law. And it is the opinion of the court that this is not shown by the agreed facts.

It does not appear that the city council prescribed the materials of which these sidewalks, or either of them, should be built. Yet the revised ordinances of the city, *c.* 17, § 4, require that every sidewalk, which that council may order to be constructed, shall be built of such materials as the said council may have prescribed; and the city charter (*St.* 1836, *c.* 128, § 4) requires that the city clerk shall keep a journal of all their acts and proceedings. The proper evidence, therefore, of the official acts and proceedings of that council, is a copy of the record thereof in the clerk's journal. And an extract from that journal is inserted in the statement of facts agreed on by the parties, showing the action of the city council in the establishment of the sidewalks now in question. But

it contains no order respecting the materials of the sidewalks. And we are not authorized to presume, nor has the plaintiffs' counsel suggested, that any such order was ever passed. By reason of this defect in the proceedings of the city council, these sidewalks were not established and constructed according to law.

We are also of opinion that, for another reason, the sidewalk in Slackpole street, for the expense of which the defendant is sued, was not legally constructed. It was not made conformably to the order of the city council. Six feet in width, on both sides of that street, were set off and reserved for sidewalks, by that body. But the sidewalk in question, on the southerly part of the street, was not made six feet wide *on the side* of the street, but was made several feet from the side, leaving a part of the street on the outside of it.

Several other points of defence were taken by the defendant's counsel, which we have not examined.

*Judgment for the defendant*